THE STATE v. MERCER.

1. **Intoxicating Liquors**: REPEAL OF STATUTES: INDICTMENT. Title 11, chapter 6, Code, was not repealed by chapter 75, laws of 1880. An indictment for the sale of intoxicating liquors contrary to law need not charge that the defendant is not a registered apothecary, and a judgment rendered upon a plea of guilty, no facts being shown to impeach it, will not be set aside.

*Appeal from Madison District Court.*

FRIDAY, APRIL 21.

THE defendant was indicted for, and convicted of, the crime of nuisance. In the indictment it was charged that the defendant, on the first day of January, 1879, and on other days between that time and the finding of the indictment, erected and used in the county of Madison a building with the intent therein to sell intoxicating liquors contrary to the law, and did then and there keep and sell intoxicating liquors contrary to law. To the indictment the defendant pleaded guilty, as charged, and judgment was rendered that he pay a fine of $300. Afterward, the defendant moved in arrest of judgment, and for a new trial upon the following grounds: that the judgment is contrary to law; that the facts stated in the indictment do not constitute a crime; that upon the whole record no legal judgment can be pronounced; that the defendant could show, if allowed a new trial, that there were no sales made by him of intoxicating liquors to any one of the witnesses whose names are indorsed on the indictment, until after the first day of April, 1880; and the defendant did not know that he could so prove until after sentence was pronounced upon him; and finally, that the fine is unreasonable and oppressive. The court overruled the motion, and from its order overruling the same, the defendant appeals.

*A. W. Wilkinson*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

The State v. Mercer.

ADAMS, J.—The defendant contends that the law under which the indictment was found, title XI, chapter 6, of the Code, was repealed in part by chapter 75 of the laws of the Eighteenth General Assembly. Miller's Code, page 950.

The act referred to is entitled an act to regulate the practice of pharmacy and the sale of medicines and poisons. It al-

**1. INTOXICA- TING liquors: repeal of stat- utes: indict- ment.** lows the sale by registered apothecaries of intox- icating liquors authorized by the National Amer- ican or United States Dispensatory or Pharma- copœa as of recognized medicinal utility, but only for the legitimate and actual necessities of medicine. It provides a penalty for a violation of the provisions of the act by the sale of intoxicating liquors somewhat different from the penalty provided in title XI, chapter 6, of the Code, for a violation of the provisions thereof by a sale of intoxicating liquors.

In our opinion, title XI, chapter 6, of the Code, was not repealed, except, possibly, so far as was necessary to allow sales by the registered apothecaries of intoxicating liquors for medicines.

Nor do we think that it was necessary that the indictment should charge that the defendant was not a registered apothecary. It charged that the defendant sold intoxicating liquor contrary to law. Whether, if the defendant had pleaded not guilty, it would have been incumbent upon the State to prove that the defendant was not a registered apothecary, we do not determine. Judgment having been rendered upon a plea of guilty, we see no ground for setting it aside.

Nor do we think that we should be justified in reducing the judgment. The presumption must be in favor of the correctness of the action of the court below, and no fact or circumstance is shown to us tending to impeach it.

AFFIRMED.